```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
                                                      ELECTRONICALLY FILED
------------------------------------------------------X  DOC #:
JAIME EDMONDSON et al.,                        :      DATE FILED: 6/8/2018
                                               :
                              Plaintiffs,      :      16-CV-2242 (VEC)
                                               :
            -against-                          :
                                               :
                                               :      MEMORANDUM
RCI HOSPITALITY HOLDINGS, INC.,                :      OPINION AND ORDER
PEREGRINE ENTERPRISES, INC., RCI               :
DINING SERVICES (37TH STREET), INC., and       :
ERIC LANGAN,                                   :
                                               :
                              Defendants.      :
------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiffs, 52 professional models, bring this action against a number of what are euphemistically referred to as "gentlemen's clubs", the clubs' owners, and the clubs' officers ("Defendants"), alleging that Defendants used photos of Plaintiffs in advertisements without Plaintiffs' permission. Plaintiffs bring claims for false endorsement under the Lanham Act, 15 U.S.C. § 1125 *et seq.*; violations of their rights to privacy under the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 50–51; violations of the New York Deceptive Trade Practices Act, N.Y. Gen. Bus. Law § 349; and defamation under New York common law. *See* Second Am. Compl. ("SAC"), Dkt. 44. As part of the parties' fact discovery, Plaintiffs requested the production of lists of Defendants' customers. Defendants move to quash Plaintiffs' request. *See* Defs.' Ltr., Dkt. 77; Pls.' Ltr., Dkt. 78. For the following reasons, Defendants' motion is DENIED.

**BACKGROUND**

As professional models, Plaintiffs claim that they "place a very high degree of value on their good will and reputation" and, accordingly, are "necessarily selective" in deciding the

brands for which they model. SAC ¶ 76. Plaintiffs claim that Defendants used images of Plaintiffs in advertisements for Defendants' clubs, without Plaintiffs' knowledge or permission, allegedly creating the false impression that Plaintiffs performed at the clubs or endorsed the clubs. *Id.* ¶¶ 77–80, 237–238, 247–248. Plaintiffs claim that they never performed at, endorsed, received compensation from, or were otherwise affiliated with Defendants' clubs. *Id.* ¶¶ 239–241, 249–250.

Fact discovery began on January 26, 2017 and is scheduled to close on June 29, 2018. *See* Case Management Plan, Dkt. 45; Order, Dkt. 68. On March 19, 2018, Plaintiffs served Defendants with a request for the production of "[a]ll customer lists" of the clubs that are "implicated in the Complaint—*i.e.*, those clubs for which any Plaintiff's image was used in online advertising—from 2014 to date, including, without limitation, all email lists and/or VIP lists" used by those clubs. Second Request for Production, Dkt. 77, Exhibit A, at 6. After a teleconference with this Court, Defendants filed a letter-motion to quash the request. *See* Defs.' Ltr.

## DISCUSSION

### I. Defendants' Customer Lists Are Relevant

Federal Rule of Civil Procedure 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *see also Nunez v. City of New York*, No. 11-CV-5845, 2013 WL 2149869, at *2 (S.D.N.Y. May 17, 2013). Information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Here, Defendants' customer lists are relevant to Plaintiffs' false endorsement claims under the Lanham Act. Those claims require Plaintiffs to show, among other things, a misrepresentation "that is likely to cause consumer confusion as to the origin, sponsorship, or approval of the goods or services." *Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 448 (S.D.N.Y. 2014). While the statute requires only a likelihood of confusion, and not actual confusion, actual confusion can be persuasive evidence of that likelihood. *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 613 (S.D.N.Y. 2018); *Estate of Smith v. Cash Money Records, Inc.*, No. 14-CV-2703, 2018 WL 2224993, at *6 (S.D.N.Y. May 15, 2018). Surveys of customers who were exposed to false endorsements are one way to demonstrate actual consumer confusion and, thus, are relevant and discoverable. *See, e.g.*, *ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*, No. 08-CV-5737, 2009 WL 105503, at *2 (S.D.N.Y. Jan. 14, 2009); *Asch/Grossbardt Inc. v. Asher Jewelry Co.*, No. 02-CV-5914, 2003 WL 660833, at *2 (S.D.N.Y. Feb. 28, 2003).

## II.  Defendants' Objections to Disclosure Are Overruled

Defendants raise two objections to disclosure of the customer lists, neither of which has any merit.

### A.  Defendants' Customer Lists Raise No Associational Privilege

First, Defendants argue that their customer lists are protected by a First Amendment privilege. Because "disclosure compelled under court order may constitute a restraint on freedom of association" under the First Amendment, parties may in some circumstances object to discovery on grounds of an "associational privilege." *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1354 (2d Cir. 1989) (quoting *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958)). A party raising such an objection must make out a prima facie case of how "discovery requests would interfere with [its] First Amendment activities," that is, the party must

"articulate some resulting encroachment on [its] liberties" or the liberties of its members. *Id.* at 1355; *see also Schiller v. City of New York*, No. 04-CV-7921, 2006 WL 3592547, at *4 (S.D.N.Y. Dec. 7, 2006). "This encroachment cannot be merely speculative, and courts have required parties resisting disclosure to produce specific evidence of past or present harassment of members due to their associational ties, . . . harassment directed against the organization itself, [or a] pattern of threats or specific manifestations of public hostility." *Schiller*, 2006 WL 3592547, at *4 (alterations in original) (citation omitted) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)).

Here, Defendants articulate no reason why disclosing their customers' identities would encroach on the First Amendment rights of either Defendants or their customers. Defendants claim that disclosure of their customers' identities would damage their "familial, work, and community relationships," in turn causing "irreparable" economic harm to Defendants' business. Defs.' Ltr. at 3. But the discovery in this case is covered by a Protective Order, which prohibits the parties from disclosing discoverable information (if that information is properly designated "confidential") beyond a limited group of individuals. *See* Order (May 5, 2017), Dkt. 52. And Plaintiffs have represented that they will share the lists with "Plaintiffs' counsel, expert, and no one else." Pls.' Ltr. at 5. Thus, the Court has no reason to believe that Defendants' customer lists will become public or expose the customers to reputational harm.[1]

**B.      No Limitation on Disclosure Is Warranted on the Ground that the Customer Lists Are Trade Secrets**

Next, Defendants argue that their customer lists are a trade secret and that, accordingly, the Court should bar their disclosure. Under Rule 26, a court may, "for good cause," enter an

---

[1] The Court is also skeptical that visiting a "gentlemen's club" implicates a First Amendment right of association. *See City of Dallas v. Stanglin*, 490 U.S. 19, 20–21 (1989) (finding no right to association among customers who visit a dance hall).

4

order "requiring that a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts, however, have ordered disclosure of parties' customer lists during discovery relating to Lanham Act claims, even when the disclosure was made to the parties' direct competitors. *See, e.g.*, *ABC Rug & Carpet Cleaning Serv. Inc.*, 2009 WL 105503, at *2; *Asch/Grossbardt Inc.*, 2003 WL 660833, at *1. Those courts found that protective orders limiting to whom the lists could be shown were sufficient to protect any trade secrets.

Here, Plaintiffs are not competitors who could poach Defendants' customers or otherwise cause damage to the value inherent in Defendants' customer lists. And, assuming, without deciding, that the customer lists constitute trade secrets, Defendants provide no reason to believe that the protective order in place would not protect the value attached to the trade secrets.

For all these reasons, Defendants' objections are overruled, and the customer lists are subject to discovery.

## III. Limitations on Contact with Defendants' Customers

Although the customer lists are discoverable, the Court will take steps to protect Defendants' customers from undue harassment and to protect the goodwill of Defendants' business. Accordingly, the parties are hereby ORDERED to confer on an appropriate way for Plaintiffs' attorneys and experts to conduct the desired surveys of the customers. Appropriate approaches might include, for example, (a) not disclosing that the customers' identities were obtained from Defendants or their clubs; (b) not disclosing that the surveys relate to ongoing litigation involving Defendants; and (c) taking steps to ensure that customers who refuse to participate in the surveys are not repeatedly contacted. If the parties are unable to reach agreement on the procedures to be used, they should promptly contact the Court in accordance with the Court's Individual Practices in Civil Cases, Rule 2(B).

## CONCLUSION

For all the foregoing reasons, Defendants' motion to quash Plaintiffs' request for the production of Defendants' customer lists (Dkt. 77) is DENIED.  Defendants must promptly produce the requested customer lists.

**SO ORDERED.**

**Date:  June 8, 2018**
    **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**