```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
                                          ELECTRONICALLY FILED
------------------------------------------X  DOC #:
JAIME EDMONDSON et al.,                    : DATE FILED: 8/29/2018
                                           :
                           Plaintiffs,     :
                                           :  16-CV-2242 (VEC)
              -against-                    :
                                           :
RCI HOSPITALITY HOLDINGS, INC.,            :      ORDER
PEREGRINE ENTERPRISES, INC., RCI           :
DINING SERVICES (37TH STREET), INC., and   :
ERIC LANGAN,                               :
                                           :
                           Defendants.     :
------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiffs seek to compel Defendants to produce documents that Defendants have withheld pursuant to the common-interest privilege. *See* Pls.' Ltr. Mot. (July 6, 2018), Dkt. 85. On August 6, 2018, the Court denied this motion. *See* Order, Dkt. 88. This opinion explains the reasons for the Court's ruling.

## BACKGROUND

The Court will assume familiarity with the facts of this case. *See* Mem. Opinion and Order (June 8, 2018), Dkt. 79, *available at* 2018 WL 2768643. In brief, Plaintiffs, 52 professional models, bring this action against a number of what are euphemistically referred to as "gentlemen's clubs," the clubs' owners, and the clubs' officers (collectively, "Defendants"), alleging that Defendants used photos of Plaintiffs in advertisements without Plaintiffs' permission. Plaintiffs bring claims for false endorsement under the Lanham Act, 15 U.S.C. § 1125 *et seq.*; violations of their rights to privacy under the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 50–51; violations of the New York Deceptive Trade Practices Act, N.Y.

Gen. Bus. Law § 349; and defamation under New York common law. *See* Second Am. Compl., Dkt. 44.

Over the past few years, Plaintiffs' counsel has filed nearly identical lawsuits against numerous other so-called gentlemen's clubs in this District. *See, e.g.*, *Gibson et al. v. SCE Grp., Inc. et al.*, No. 15-CV-8168 (S.D.N.Y.); *Toth et al. v. 59 Murray Enters., Inc. et al.*, No. 15-CV-8028 (S.D.N.Y.); *see also* Defs.' Resp. Ltr. (July 18, 2018), Dkt. 86, at 1. The law firms representing the clubs have formed a "Joint Defense/Common Interest Agreement" (the "JDA"), in order to exchange information about their respective cases under the protections of the common-interest privilege. *See* Defs.' Resp. Ltr. at 1–2.

On May 8, 2018, Plaintiffs served a request for production on Defendants, seeking all communications between Defendants (or their counsel) and any party (or its counsel) that has "been sued for misappropriation of any Plaintiff's image or likeness." Pls.' Mot. Ltr., Ex. A, ¶ 1. Defendants objected on the grounds that the request was overbroad, unduly burdensome, that it sought documents that were not relevant, and that the requested documents were protected by the attorney-client privilege and work-product doctrine. *Id.* Plaintiffs moved to compel production of these documents.

## DISCUSSION

### I. The Requested Documents Are Not Relevant or Proportional to the Needs of the Case

The parties dispute whether the common-interest privilege applies to Defendants' communications under the JDA. But in order for the requested documents to be discoverable in the first place, they must be "relevant to [a] party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The burden of establishing relevance is on the party seeking disclosure. *See State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2015 WL

7871037, at *2 (S.D.N.Y. Dec. 3, 2015), *aff'd*, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016); *Handbk. Fed. Civ. Disc. & Disclosure* § 1:30 (4th ed. 2018). While the scope of relevance is broad, "[d]isclosure should not be directed simply to permit a fishing expedition." *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)). Rather, the moving party must articulate a concrete "linkage between the discovery sought and the [claims or] defenses asserted in the case." *Id.*; *see also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126, 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) (denying a motion to compel disclosure because the plaintiffs failed to "point to any *specific* information that is relevant to their claims and would be found solely in the produced documents" (emphasis in original)).

Here, Plaintiffs have failed to articulate the relevance of the requested documents. Plaintiffs initially argued that the requested documents were relevant because they could show confidential settlement amounts that had been reached in similar cases. *See* Defs.' Resp. Ltr. at 2; Pls.' Reply Ltr., Dkt. 87, at 2. But counsel for Defendants represents that it "never learned the amount of any settlements . . . as part of the joint defense communications," and, thus, that the requested documents do not contain this information. Defs.' Resp. Ltr. at 2.

Plaintiffs now argue that the requested documents show how Defendants' counsel has made "a concerted effort to drag out litigation over the course of years," which Plaintiffs argue could be factor for a jury to consider when determining whether punitive damages are warranted. Pls.' Reply Ltr. at 2. But many of the communications under the JDA presumably relate to the other litigation in this District, some of which involve different defendants; the Court, therefore, is hard-pressed to see how these documents could be relevant to a claim for punitive damages

3

against these Defendants in this case. Additionally, even assuming that it would be proper for Plaintiffs to argue to a jury that Defendants have "drag[ged] out litigation over the course of years"—a point for which Plaintiffs offer no support beyond the fact that this case was filed more than two years ago and discovery is still ongoing—Plaintiffs could easily make this argument without the requested documents, given the length of discovery and the number of discovery disputes in this case.

Plaintiffs also argue that the requested documents will be relevant to the calculation of any attorneys' fees that this Court might award under the Lanham Act. *See* Pls.' Mot. Ltr. at 4; Pls.' Reply Ltr. at 2. In particular, Plaintiffs point to cases holding that the tactics of counsel and the manner in which a case was litigated are factors that can bear on an award of attorneys' fees. *See* Pls.' Mot. Ltr at 4. But Plaintiffs again fail to articulate how communications regarding other defendants in other cases would be relevant to this assessment. In any event, Plaintiffs have ample evidence from the record of this case to make that showing.[1]

Finally, Plaintiffs argue that they are unable to explain to this Court the relevance of the requested documents "[b]ecause neither Plaintiffs nor the Court know what these documents are, who the communications involve, and what subject(s) they concern." Pls.' Reply Ltr. at 1. Put differently, Plaintiffs seek to compel disclosure in order to determine whether the requested disclosure is relevant. Plaintiffs have it backwards: the burden is on them to make a showing of relevance *before* this Court will compel disclosure. Without that showing, Plaintiffs have embarked on precisely the sort of fishing expedition that the Federal Rules do not allow. *See,*

---

[1] The Court also notes that counsel for Defendants represents that he has not had any communications pursuant to the JDA since August 30, 2017. *See* Defs.' Resp. Ltr. at 3. The parties did not begin fact discovery in this case until January 26, 2017, *see* Case Management Plan, Dkt. 45, and the parties did not serve requests for production until late March 2017, *see* Ltr. (May 1, 2017), Dkt. 50; Ltr. (Mar. 1, 2017), Dkt. 47. At best, then, the requested documents would be relevant only to a few months of the conduct of Defense counsel in this case.

*e.g.*, *Alaska Elec. Pension Fund*, 2016 WL 6779901, at *3 (denying a motion to compel when "Plaintiffs' entire relevancy argument hinges on a general contention that every communication and work product . . . is 'likely' to contain additional relevant information"; "That sort of conclusory claim is insufficient to support such an expansive discovery request." (collecting cases)).[2]

## CONCLUSION

For all the foregoing reasons, the Court DENIED Plaintiffs' motion to compel (Dkt. 85).

**SO ORDERED.**

**Date: August 29, 2018**                               **VALERIE CAPRONI**
**New York, New York**                        **United States District Judge**

---

[2] Plaintiffs also argue that Defendants should have prepared a privilege log of all of the requested documents that Defendants withheld, pursuant to Federal Rule of Civil Procedure 26(b)(5). *See* Pls.' Mot. Ltr. at 2–3. But "[t]he obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment. Here, Plaintiffs have failed to show that the requested documents are relevant and proportional, and, thus, that they were "otherwise discoverable" under the Federal Rules. Accordingly, Defendants were not obligated to create a privilege log in response to this request.

Additionally, where, as here, providing a privilege log would be unduly burdensome, courts have discretion to limit a party's obligation to provide one. *See, e.g.*, *S.E.C. v. Thrasher*, No. 92-CV-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996). The Court chooses to exercise that discretion here, given that the volume of requested documents is high, that many documents are in the exclusive possession of Defendants' former counsel, and that Plaintiffs are already in possession of a privilege log that was produced by a member of the joint defense group in a different case (giving Plaintiffs a reasonable understanding of the nature of the documents shared by the group). *See* Defs.' Resp. Ltr. at 3; Pl.'s Mot. Ltr., Ex. B.