```
                                                ┌─────────────────────────────────┐
                                                │ USDC SDNY                       │
                                                │ DOCUMENT                        │
UNITED STATES DISTRICT COURT                    │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK                   │ DOC #:_____          │
                                                │ DATE FILED:_10/1/2021___        │
                                                └─────────────────────────────────┘
```

-----------------------------------------------------------X
JAIME EDMONDSON et al.,      :
                :
        Plaintiffs, :    16-CV-2242 (VEC)
                :
    -against-       :
                :    OPINION AND ORDER
RCI HOSPITALITY HOLDINGS, INC., :
PEREGRINE ENTERPRISES, INC., RCI :
DINING SERVICES (37TH STREET), INC., and :
ERIC LANGAN,       :
                :
        Defendants. :
-----------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On January 11, 2017, this Court dismissed most of Plaintiffs' claims brought pursuant to Sections 50 and 51 of New York's Civil Rights Law because the use of 134 of the 179 images at issue had occurred more than one year prior to the time this case was filed. Plaintiffs' claims pursuant to the New York Civil Rights Law were, therefore, time barred. Dkt. 48. Plaintiffs have now moved for leave to file a motion for reconsideration, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, of the Court's January 11, 2017 order, arguing that it conflicts with *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233 (2d Cir. 2021) — a Second Circuit case decided more than four years after the Court's order — and the recently-enacted § 50-f of New York's Civil Rights Law. Dkt. 203. Defendants oppose Plaintiffs' motion. Dkt. 211. For the reasons discussed below, Plaintiffs' Rule 60(b) motion for leave to file a motion for reconsideration is DENIED.

## BACKGROUND

The Court assumes familiarity with the Court's prior opinions issued over the course of this more-than-five-year litigation and will summarize only the most pertinent facts.  On March 26, 2016, Plaintiffs brought this action alleging, *inter alia*, that Defendants violated §§ 50 and 51 of New York's Civil Rights Law — which protect a person's right to privacy and publicity — by misappropriating, altering, and publishing Plaintiffs' images, photos, and likenesses without authorization in order to promote numerous strip clubs around the country.  *See* Compl., Dkt. 1 ¶ 2; *see also* First Am. Compl., Dkt. 22 ¶2; Second Am. Compl., Dkt. 44 ¶ 2.

On June 16, 2016, Defendants moved to dismiss Plaintiffs' claims under §§ 50 and 51 because they were "filed more than one year from the date that the offending material was published" and, thus, were barred by the one-year statute of limitations set by N.Y. C.P.L.R. § 215(3).  Defs. Mem. of Law, Dkt. 28 at 17.  On January 11, 2017, after a hearing, the Court granted in part Defendants' motion to dismiss.  Because 134 of the images at issue were timestamped before March 26, 2015, claims based on the use of those images were time barred.  Order, Dkt. 48 at 31:7-14.

More than four years later, on July 9, 2021, Plaintiffs filed a motion for leave to file a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6), asserting that an intervening change in law — namely, the Second Circuit's decision in *Electra* and the recently-enacted § 50-f of New York's Civil Rights Law — warrants the Court's reconsideration of its January 2017 decision.  *See* Pls. Mem. of Law, Dkt. 204 at 1-2.  The Court disagrees.

**DISCUSSION**

I.      **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may grant relief from a final

judgment, order, or proceeding in six circumstances, only one of which has been raised here: "(6)

any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Any such motion must be made

within a reasonable time.  Fed. R. Civ. P. 60(c)(1).

The burden of proof for a motion for reconsideration rests upon the party seeking relief

from judgment, *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001), and

the decision whether to grant a party's Rule 60(b) motion is "committed to the sound discretion

of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks

and citation omitted).  "[R]econsideration of a previous order is an extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources." *In*

*re Health Mgmt. Sys. Inc. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and

quotation marks omitted); *accord Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (courts

must "strike[] a balance between serving the ends of justice and preserving the finality of

judgments").

A motion for reconsideration "should be granted only when the defendant identifies 'an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shrader v. CSX Transp., Inc.*, 70

F.3d 255, 257 (2d Cir. 1995) ("The standard for granting a [reconsideration motion] is strict, and

reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

## II.    Plaintiffs' Proposed Motion For Reconsideration Would Be Meritless

Plaintiffs assert that reconsideration of the Court's January 11, 2017 order is warranted because there has been an intervening change in law.  *See* Pls. Mem. of Law, Dkt. 204 at 1–2. As the Supreme Court has explained, however, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."  *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

The Second Circuit has not directly considered what standard applies when a Rule 60(b)(6) motion is filed as a result of an intervening change of law.  But the Second Circuit has said that its power to recall a mandate when faced with an intervening change of law is analogous to the power conferred on a district court by Rule 60(b).  *See Sargent v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996).  Accordingly, the Court looks for guidance to the Second Circuit's reasoning in such cases when considering an analogous Rule 60(b)(6) motion.  *See, e.g.*, *Devino v. Duncan*, 215 F. Supp. 2d 414, 417–18 (S.D.N.Y. 2002) (applying the Second Circuit's reasoning in *Sargent* to a Rule 60(b)(6) motion made following an intervening change of law).  Alongside other factors, the Second Circuit evaluates whether the new law "is beyond any question inconsistent with [its] earlier decision."  *Sargent*, 75 F.3d at 90.

Because the Court finds that its January 11, 2017 order is not "beyond any question" inconsistent with the Second Circuit's decision in *Electra* or with § 50-f of New York's Civil Rights Law, if Plaintiffs were given leave to file a Rule 60(b)(6) motion, it would fail on the merits.[1]

---

[1]     Defendants also argue that Plaintiffs' motion for leave "must be denied because they have not timely moved for leave to file a motion for reconsideration."  Defs. Mem. of Law, Dkt. 211 at 1.  In considering whether a

### a.  The Court's Order Does Not Conflict with *Electra*

Plaintiffs assert that, earlier this year, the Second Circuit in *Electra* "held that identical claims asserted by identically-situated plaintiffs are not 'invasion of privacy' claims, but rather are 'right of publicity' claims" and that this distinction means that "reconsideration of this Court's application of the one-year limitations period of CPLR § 215 is in order" because "[o]n its face, that statute applies only to claims assert[ing] 'violations of the right of privacy.'"  Pls. Mem. of Law, Dkt. 204 at 1–2, 5.

Plaintiffs are correct that the Second Circuit distinguished between the right of privacy and the right of publicity under N.Y. Civ. Rights § 51, although they overplay the significance of that distinction to the court's holding.[2]  *See* Pls. Mem. of Law, Dkt. 204 at 5 ("Whereas a privacy claim 'serves to protect the sentiments, thoughts and feelings of an individual,' a right of publicity claim can be pled when the 'plaintiff generally seeks publicity, or uses his name, portrait, or picture, for commercial purposes but has not given written consent for a particular use.'") (quoting *Electra*, 987 F.3d at 249).  Plaintiffs really go off the rails, however, when they press the argument that this distinction makes a difference for statute of limitations purposes.

---

Rule 60(b)(6) motion is timely, "[courts] must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay."  *PCR Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983). Here, Defendants claim that "Plaintiffs proffer no legitimate reason for delaying to file the instant motion almost *five months* after *Electra* or almost *seven months* following [the passage] of § 50-f" on December 1, 2020, and, thus, "have failed to satisfy the required 'good cause for failure to act sooner' standard."  Defs. Mem. of Law, Dkt. 211 at 2 (citing *Freedom, N.Y.*, 438 F. Supp. 2d at 462) (emphasis in original).  Plaintiffs' rejoinder is that "Defendants' argument . . . ignores the fact that [Plaintiffs' motion] is based not merely on *Electra* but also the *enactment* of New York's Right of Publicity law, codified at section 50-f of the New York Civil Rights Law, which did not come into effect until May 29, 2021."  Pls. Reply Mem. of Law, Dkt. 214 at 2 (emphasis added).  The parties thus dispute what event starts the clock on the timeliness of Plaintiffs' motion.  Because the Court finds that Plaintiffs' motion is meritless, it declines to wade into the question of timeliness.

2       The Second Circuit's holding — that the appellants were entitled to summary judgment on their N.Y. Civ. Rights § 51 claims against various strip club owners — turned not on the distinction between the right of privacy and the right of publicity under N.Y. Civ. Rights §§ 50 and 51 but on the validity and terms of the appellants' release agreements and whether those releases barred their claims.  *See Electra*, 987 F.3d at 248–53.

The Second Circuit held the exact opposite.  It articulated the above distinction only after it had concluded that "the district court correctly held that the one-year statute of limitations applicable in actions under Section 51 of New York's Civil Rights Law barred the claims of all but six of Appellants."  *Electra*, 987 F.3d at 240.  Thus, regardless of whether Appellants in *Electra* asserted a right of privacy or a right of publicity, the claims that were more than one year old were time barred under N.Y. C.P.L.R. § 215(3).  The same is true here.

The Second Circuit's decision and reasoning in *Electra* are consistent with precedent applying a one-year statute of limitations to right of publicity claims brought pursuant to § 51 of New York's Civil Rights Law.  *See, e.g.*, *Brooks ex rel. estate of Bell v. The Topps Co., Inc.*, No. 06-cv-2359 (DLC), 2007 WL 4547585, at * 3 (S.D.N.Y. Dec. 21, 2017) ("The relevant New York cause of action, an action for right of publicity claims under Section 51 of the New York Civil Rights Law, has a one-year statute of limitations."); *Fischer v. Forrest*, No. 14-cv-1304 (PAE), 2017 WL 1063464, at *5 (S.D.N.Y. Mar. 21, 2017) ("New York law provides for a one-year statute of limitations for right of publicity claims.").

Accordingly, the Second Circuit's decision in *Electra* does not provide a basis for this Court to reconsider its January 11, 2017 order dismissing most of Plaintiffs' claims under N.Y. Civ. Rights §§ 50 and 51 as time barred.

### b.  New York Civil Rights Law § 50-f Is Irrelevant to the Court's January 11, 2017 Order

Plaintiffs next argue that § 50-f of New York's  Civil Rights Law — signed into law on December 1, 2020 and effective on May 29, 2021 — "makes unmistakably clear that '[t]he rights recognized under this section are *property rights*.'"  Pls. Mem. of Law, Dkt. 204 at 2 (quoting N.Y. Civ. Rights § 50-f) (emphasis in original).  Although Plaintiffs concede that they are "not asserting claims under section 50-f," they nevertheless insist that "the explicit statement of the

New York legislature that rights of publicity are 'property rights' has significant bearing on the applicability of CPLR § 215(3) to Plaintiff[s'] right of publicity claims in this case." *Id.*

Plaintiffs' argument, however, ignores the text of § 50-f, including two features that are fatal to Plaintiffs' argument.  First, as Defendants correctly note, *see* Defs. Mem. of Law, Dkt. 211 at 5, § 50-f governs the publicity rights of *deceased* persons, allowing certain heirs, purchasers of publicity rights, and other successors of dead performers and personalities to sue over the unauthorized uses of the name, voice, signature, photograph, or likeness of those deceased individuals.  *See* N.Y. Civ. Rights § 50-f.  New York's Civil Rights Law § 51 has long forbidden such unauthorized uses with respect to living persons, *see id.* § 51; § 50-f simply extended those protections post-mortem.  This extension of the law, however, has no bearing on the claims of Plaintiffs, who are alive and well.

Given § 50-f's limited focus on codifying a post-mortem right of publicity, it is unsurprising that it specifies that "rights *recognized under this section* are property rights, freely transferable or descendible, in whole or in part."  *Id.* § 50-f (emphasis added).  Section 50-f governs the right of publicity for persons no longer able to assert those rights for themselves — because they are deceased — and who thus depend on the transfer to and vindication of those rights by others.  Section 50-f does not, however, support the more sweeping principle urged by Plaintiffs — that *all* right of publicity claims are now property rights — let alone that the one-year statute of limitations long applicable to claims under § 51 has been altered.

Second, and equally fatally, § 50-f does not apply retroactively; it applies only to performers and personalities who die on or after the law took effect on May 29, 2021.  Thus, even if § 50-f were relevant to Plaintiffs' claims, it would have no bearing on the dismissal of claims more than four years ago.

In short, N.Y. Civ. Rights § 50-f provides no basis for the Court to reconsider its January 11, 2017 order.

## CONCLUSION

For the foregoing reasons, because any such motion would be futile, the Court denies Plaintiffs leave to file a motion for reconsideration of the Court's January 11, 2017 order.

The Clerk of Court is respectfully directed to close the open motion at docket entry 203.

**SO ORDERED.**

Date:  **October 1, 2021**                              **VALERIE CAPRONI**
       **New York, New York**                        **United States District Judge**